```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
                         CAMDEN VICINAGE
```

| | |
|---|---|
| BECKY BAUGHMAN, et al.<br><br>        Plaintiffs,<br><br>   v.<br><br>UNITED STATES LIABILITY<br>INSURANCE COMPANY,<br><br>        Defendant. | Civil No. 08-2901 (JBS) |

## SCHEDULING ORDER

    This Scheduling Order confirms the directives given to counsel at the scheduling conference pursuant to Rule 16, Federal Rules of Civil Procedure on July 30, 2008; and the Court noting the following appearances: Scott B. Gorman, Esquire, appearing on behalf of the plaintiffs; and Mark Jones, Esquire, appearing on behalf of the defendant.

    IT IS this **4th** day of **August, 2008,** hereby **ORDERED**:

    1.   Counsel shall make Fed. R. Civ. P. 26(a) disclosures on or before **July 31, 2008**.

    2.   Initial written discovery requests shall be served by **August 29, 2008**. Any responses, answers and objections to initial written discovery requests shall be served in accordance with Court Rules.

    3.   The time within which to seek amendments to the pleadings or to add new parties will expire on **October 1, 2008**.

    4.   Pretrial factual discovery is hereby extended to **December 31, 2008**. All pretrial discovery shall be concluded by that date. All discovery motions and applications pursuant to L. Civ. R. 37.1(a)(1) shall be made before the expiration of pretrial factual discovery.

    5.   **Depositions**. All depositions are to be conducted in accordance with the procedures set forth in the order of Judge Gawthrop, in Hall v. Clifton Precision, 150 F.R.D. 525 (E.D.Pa. 1993).

6. All expert reports and expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) on behalf of plaintiffs shall be served upon counsel for defendant no later than **February 27, 2009**. All expert reports and expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) on behalf of defendant shall be served upon counsel for plaintiffs no later than **April 30, 2009**. Each such report should be accompanied by the curriculum vitae of the proposed expert witness. No expert opinion testimony shall be admitted at trial with respect to any witness for whom this procedure has not been timely followed. Depositions of proposed expert witnesses shall be concluded by **June 30, 2009.**

For purposes of this Scheduling Order, treating physicians shall not be considered expert witnesses and shall be treated as fact witnesses who are, however, required to provide reports and records concerning their treatment. However, any doctor who is going to express an opinion as to the cause of a particular condition or as to the future prognosis of a particular condition, shall be considered an expert subject to the requirement of Fed. R. Civ. P. 26(a)(2)(B).

The parties shall also exchange, in accordance with the foregoing schedule, written statements identifying all opinion testimony counsel and the parties anticipate will be presented at trial pursuant to F. R. Evid. 701 and Teen-Ed v. Kimball International, Inc., 620 F.2d 399 (3d Cir. 1980).

7. **Dispositive Motions**. Dispositive motions shall be filed with the Clerk of the Court no later than **July 15, 2009**. Opposition to the motion should be served in a timely fashion. Counsel are to follow L. Civ. R. 7.1(c), (d) and (e), 56.1 and 78.1 (Motion Practice - Generally).

8. At least ten (10) days prior to the next scheduled conference, the parties shall send the Court a letter identifying all discovery disputes. No issue will be addressed unless the letter is accompanied by an Affidavit that complies with L. Civ. R. 37.1(b)(1). Responses shall be served at least three (3) days prior to the next scheduled conference.

9. The Court will conduct an in-person status conference on **November 3, 2008 at 11:30 a.m**.

10. Any application for an extension of time beyond the deadlines set herein shall be made in writing to the undersigned and served upon all counsel prior to expiration of the period sought to be extended, and shall disclose in the application all such extensions previously obtained, the precise reasons necessitating the application showing good cause under Fed. R. Civ. P. 16(b), and whether adversary counsel agree with the application. The schedule set herein will not be extended unless good cause is shown.

**THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER Fed. R. Civ. P. 16(f).**

                                                s/ Joel Schneider  
                                                JOEL SCHNEIDER  
                                                United States Magistrate Judge